DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

**GEORGE MILAM HALL,**
dba The Alamo,
         **Debtor**

Case No. 10-4057-JWL-DJW

Bankruptcy Case No. 06-40872

_____

**GEORGE MILAM HALL,**
dba The Alamo,

         **Appellant,**

v.

**DAVID R. KLAASSEN, et al.,**

         **Appellees.**

## MEMORANDUM AND ORDER

Pending before the Court are the following motions filed by Appellant/Debtor George Milam Hall ("Appellant"): (1) Motion for Leave to Proceed Without Prepayment of Costs or Fees (doc. 2); and (2) Motion to Appoint Counsel (doc. 3).

**I.  Motion for Leave to Proceed Without Prepayment of Costs or Fees**

When a party seeks to appeal *in forma pauperis*, Rule 24 of the Federal Rules of Appellate Procedure directs that the party file such motion in the district court. The party must attach to the motion an affidavit that, *inter alia*, "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs."[1] In turn, Form 4 of the Appendix of Forms requires a party to provide information regarding both the party and their spouse: (1) income and the sources thereof; (2) employment history; (3) the amount of cash available; (4) assets including homes and motor vehicles; (5) all money owed by others; (6)

---

[1]*Id.*

individuals supported financially; (7) average monthly expenses; and (8) any attorney's fees paid in connection with the case.

Appellant's affidavit of financial status (doc. 4) indicates that he is not married and currently unemployed with monthly disability income. Appellant indicates that his monthly expenses and obligations exceed his income. He indicates that he has no cash on hand or in a back account and owns an automobile that is valued less than what is owed on the automobile loan. He further indicates that he owns real property that has no value due to tornado damage. Based on this information, the Court finds that appellant has insufficient financial resources to pay the Court's filing fees. Accordingly, the Court grants Appellant's motion to proceed *in forma pauperis*.

## II.     Motion to Appoint Counsel

Unlike a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[2] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*.[3] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[4] In determining whether to appoint counsel, the district court may consider a variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] This Court will also consider whether the litigant has made a diligent attempt to secure counsel through his/her own

---

[2] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[3] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[4] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

[5] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

efforts.[6] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the litigant is unable to retain counsel through his or her own efforts.

After reviewing the documents relevant to this appeal, including the Bankruptcy Court's April 28, 2010 Order and Appellant's Motion to Appoint Counsel (doc. 3) and Supplemental Brief (doc. 11), the Court does not find that Appellant's claims have sufficient merit to warrant the appointment of counsel. In addition, the Court finds that the legal issues raised in this appeal are not complex. The Court has a limited pool of volunteer attorneys and is unable to grant requests for counsel in every case. Accordingly, the Court must deny Appellant's request for counsel.

**IT IS THEREFORE ORDERED** that Appellant/Debtor's Motion for Leave to Proceed Without Payment of Fees (doc. 2) is granted.

**IT IS FURTHER ORDERED** that Appellant/Debtor's Motion to Appoint Counsel (doc. 3) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of June 2010.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[6]*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (applying rule in employment discrimination case).