# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **GEORGE MILAM HALL, dba The Alamo,** ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| **GEORGE MILAM HALL, dba The Alamo,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| v. ) | Case Nos. 10-4057 |
| ) | 10-4058 |
| **ERIC C. RAJALA, Trustee; DAVID** ) | Bankruptcy Case No. 06-40872 |
| **KLAASSEN and GREAT SOUTHERN** ) | |
| **BANK,** ) | |
| ) | |
| **Appellees.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This is a Chapter 12 case in which a plan was confirmed while Mr. George Milam Hall, the debtor, was represented by attorney David R. Klaassen. Property of the estate includes Mr. Hall's potential recovery on a prepetition claim against Gehl Company and others. The confirmed plan incorporates the terms of a settlement agreement between the Mr. Hall and his primary secured creditor, TeamBank. That settlement agreement provided the proceeds of the Gehl claim, in which TeamBank claimed a perfected security interest, shall be distributed first to pay the costs of

recovery from Gehl, second to the payment of Mr. Klaassen's fees and expenses, and third to the payment of TeamBank's secured claim. After confirmation, the settlement of the Gehl claim was finalized.

Mr. Hall was not able to timely make payments required by the plan and gain access to the proceeds of Gehl settlement. He became dissatisfied with the distribution of the proceeds of the Gehl settlement as provided in the confirmed plan, primarily because of the priority given to the payment of Mr. Klaassen's fees, and terminated Mr. Klaassen's representation of him. Thereafter, Mr. Hall appeared pro se. Mr. Hall objected to Mr. Klaassen's motion for approval of fees and expenses, which was decided adversely to Mr. Hall following a two-day trial held in January and February of 2009. Since then, Mr. Hall has filed numerous motions based upon his disenchantment with the confirmed plan as it relates to the Gehl settlement, the settlement agreement with TeamBank, and the award of fees and expenses to Mr. Klaassen.

Mr. Hall additionally has a civil case pending against Great Southern Bank and Proctor Financial, Inc., in which he is represented by counsel, 09-2600-CM. In that case, he seeks to recover money he believes should be paid to him on an insurance claim for tornado damage in 2009 to his property.

On April 29, 2010, the bankruptcy court held that the $76,782.50 funds remaining from the Gehl settlement, which were held by the Trustee, would be distributed as follows: $42,366.50 to Mr. Klaassen in satisfaction of the attorneys fees

and costs judgment; and $34,416 to Great Southern Bank, as successor to TeamBank, in partial satisfaction of its secured claim. (Doc. 584.) It found the Settlement Agreement dated November 8, 2007 to be a contract binding upon Mr. Hall in his individual capacity and, binding on him as the debtor-in-possession to the extent its terms were incorporated into the Confirmed Plan. The court found the Mr. Hall's Chapter 12 plan as amended, the Confirmed plan, (doc. 139) to be binding upon him and all creditors. None of Mr. Hall's motions seeking to amend that Confirmed Plan were found to be sufficient to be deemed motions to amend the Confirmed Plan. (Doc. 584.)

In June of 2010, the bankruptcy court denied Mr. Hall's motion for a stay of all proceedings in that court (doc. 662) (finding it moot), denied Mr. Hall's motion to dismiss and immediately refile a new Chapter 12 case (doc. 670) (finding it prohibited by law), and denied Mr. Hall's motion to immediately amend his confirmed plan, which sought a six month moratorium of the $1150 monthly payment on Great Southern Bank's secured claim required under his Confirmed Plan (doc. 668, filed June 3, 2010) (finding the proposed plan not feasible).

After Mr. Hall's appeals to BAP and Mr. Klaassen's transfer of those appeals to this court, Mr. Hall filed numerous motions. This court consolidated Mr. Hall's two pending appeals, case numbers 10-4057 and 10-4058.  The court, having reviewed all of the pending motions, their attachments, and the record below to the best of its ability, makes the following rulings.

IFP and Appointment of Counsel

The court grants Mr. Hall's motion to proceed in forma pauperis (10-4058, doc. 3), but denies his request for counsel (10-4058, doc. 4), for the reasons set forth in Judge Waxse's order ruling on identical motions in case number 10-4057 (10-4057, doc. 14).

Oral Argument

The court denies Mr. Hall's motions for oral argument (10-4057, doc. 5; 10-4058 doc. 6). The court understands Mr. Hall's position as expressed in his briefs. Oral argument would not materially assist the court in resolution of these motions.

Emergency Motions

Mr. Hall's "emergency motions" (10-4057, docs. 8, 9, 12, 16; 10-4058, docs. 9, 10) are governed by BR 8011(d), applicable to this court by virtue of D. Kan. R. 83.8.10. The relevant rule states:

> Whenever a movant requests expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be required for the district court or bankruptcy appellate panel to receive and consider a response, the word "Emergency" shall precede the title of the motion. The motion shall be accompanied by an affidavit setting forth the nature of the emergency. The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. The motion shall include the office addresses and telephone numbers of moving and opposing counsel and shall be served pursuant to Rule 8008. Prior to filing the motion, the movant shall make every practicable effort to notify opposing counsel in time for counsel to respond to the motion. The affidavit accompanying the motion shall also state when and how

opposing counsel was notified or if opposing counsel was not notified
why it was not practicable to do so.

Mr. Hall's emergency motions do not meet these requirements, so fail for procedural reasons.

Additionally, a party seeking expedited action must show the threat of irreparable harm by affidavit, and conclusory, speculative, or vague allegations are insufficient to show irreparable harm for purposes of emergency review. Neither the facts contained in Mr. Hall's motions, read together, nor the record of the underlying litigation persuades the Court that this matter presently constitutes an emergency warranting expedited review. A showing that at some unspecified point in the future a foreclosure sale and a sale of personalty may occur is insufficient to show a threat of irreparable harm required for expedited review of an emergency motion under Rule 8011(d)). *See In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2d Cir.1997); *Cf, Rubacky v. Morgan Stanley Dean Witter Credit Corp.*,104 Fed. Appx. 757 (1st Cir. 2004) (finding district court appropriately declined to issue a preliminary injunction regarding foreclosure sale since there was no evidence that any future sale had been or would be scheduled before scheduled trial date). The emergency motions shall thus be denied.

Mr. Hall's motions to stay case (10-4057, doc. 7; 10-4058, doc. 8) are governed by Rule 8005, captioned "Stay Pending Appeal," which states:

> A motion for a stay of the judgment, order, or decree of a bankruptcy
> judge, for approval of a supersedeas bond, or for other relief pending

> appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. ...

Such a motion must also comply with Fed. R. Bankr. P. 8011(d) if the motion is an emergency motion. As noted above, the procedural requirements have not been met, warranting denial of the motion.

> Additionally, to obtain a stay pending an appeal under Rule 8005, a movant must establish:
> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005). The party moving for a stay has the burden on each of these elements. As noted above, Mr. Hall has not shown the likelihood that he will suffer irreparable injury unless the stay is granted. However, the court notes that Mr. Hall's property is not merely an investment, but is his home and is a working cattle operation which provides his livelihood, and is unique in that his mother is buried on the property. In the event foreclosure is pursued and Mr. Hall

complies with the procedural rules governing his motions, which rules are designed to provide fundamental fairness to all parties, the court would entertain an emergency motion and may find irreparable harm. This would not relieve Mr. Hall from making the other necessary showings, of course.

Interplead

Having denied the motions for a stay and the emergency motions, no reason to grant Mr. Hall's motion to interplead has been shown (10-4057, doc. 5; 10-4058, doc. 6).

Transfer/File

Mr. Hall filed motions seeking to transfer documents from case number 09-4123 to this proceeding (10-4057, doc. 13; 10-4058, doc. 13). That case was terminated on March 30, 2010. It is no longer pending, and so there are no documents to be transferred to this case. The motions to transfer are thus denied.

Interlocutory Appeal

Mr. Hall also seeks an interlocutory appeal (10-4057, doc. 15), but thus far, there has been no order entered in this case that would be appropriate for an interlocutory appeal. This motion is denied.

Clarify

Mr. Hall filed a motion to clarify (10-4057, doc. 17), in which he reiterates many of the arguments he raised in the prior motions. This motion seeks no particular relief that the court has not already addressed, and so this motion is denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion filed prior to consolidation in case number 10-4058 for leave to proceed in forma pauperis (doc. 3) is granted

**IT IS FURTHER ORDERED** that the following motions in case number 10-4057 are denied: motion to interplead and for oral argument (doc. 5); motion to stay case (doc. 7); emergency motion for oral argument (doc. 8); second emergency motion for relief (doc. 9); third emergency motion (doc. 12); motion to transfer and file (doc. 13); motion for interlocutory appeal (doc. 15); amended emergency motion (doc. 16); and motion to clarify (doc. 17).

**IT IS FURTHER ORDERED** that the following motions in case number 10-4058 are denied: motion to appoint counsel (doc. 4); motion to interplead and for oral argument (doc. 6); motion to stay case (doc. 8); emergency motion for oral argument (doc. 9); second emergency motion for relief (doc. 10); motion to transfer and file (doc. 13).

**IT IS SO ORDERED** this 24th day of June, 2010.

>s/ John W. Lungstrum
>John W. Lungstrum
>United States District Judge